IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T.,** § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | CIVIL ACTION NO. 4:22-cv-2900 |
| V. | |
| **CITY OF HOUSTON, TEXAS, K. DREY,** *Individually*, **and JOHN DOE HPD OFFICERS 1-10,** | |
| *Defendants*. | |

### **DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF DAMAGES AND DIMISS**

Defendants City of Houston and Officer Kyle Drey ("Defendants") file this Motion to Exclude Evidence of Damages pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iii) and 37(c)(1) and dismiss. Plaintiffs Dolores Samuel and Maya Thorn, as Next Friend of Minor S.T. ("Plaintiffs"), have failed to disclose any computation of damages in violation of Rule 26(a). Defendants respectfully request that Plaintiffs be prohibited from presenting any evidence of damages at trial, their claim for damages be stricken, and the case dismissed.

### **PROCEDURAL HISTORY**

1. On June 17, 2024, the Court held a status conference where Plaintiffs anticipated the need to move the expert deadline (Doc. 58). On October 31, 2024, the Court held a status conference and entered a minute entry order where Plaintiffs requested DNA evidence related to the firearm. The Court ordered Defendants' counsel to produce the specific documents they contend show the Decedent's DNA on the firearm and required Plaintiffs to file a status report detailing their review

and whether they intended to proceed with the lawsuit after evaluation of the DNA evidence (Doc. 63).

2. On December 11, 2024, the Court held another status conference and entered a minute entry stating that Plaintiffs were now requesting a crime scene diagram showing the evidence marker for the gun, in addition to the diagrams already produced (Doc. 65). The Court ordered Plaintiffs to file, by December 31, 2024, a status report indicating whether production of additional diagrams occurred, evaluating the merits of their case, and stating whether Plaintiffs intended to proceed with the lawsuit. On December 31, 2024, Plaintiffs provided a status report claiming there remains a conflict as to whether a gun was actually found on or near Decedent and affirming that Plaintiffs intend to proceed with this lawsuit. Trial is currently set for August 11, 2025.

3. Throughout this litigation, Plaintiffs have failed to comply with their discovery obligations under Rule 26(a)(1)(A)(iii), which requires disclosure of "a computation of each category of damages claimed" along with supporting documents. Plaintiffs' Initial Disclosures (served on June 5, 2024) list broad categories of damages (e.g., "past and future pain and suffering, emotional pain and suffering, past and future lost earnings, funeral expenses, loss of inheritance, loss of life, reasonable and necessary attorneys' fees, and punitive damages") but provide no computations, no methodology, and no supporting documents (Exhibit A). Plaintiffs state only that they "are entitled to recover all actionable damages" and "will retain an economic damages expert who will calculate damages." No such expert has been designated, no computations have been provided, and no documents have been produced.

4. Discovery closed on January 31, 2025. Despite multiple status conferences and opportunities to supplement, Plaintiffs have produced nothing. Defendants now move to exclude

all evidence of damages under Rule 37(c)(1). As damages are an essential element of Plaintiffs' claims, dismissal of the case is an appropriate sanction.

## LEGAL STANDARD

5.  Under Rule 26(a)(1)(A)(iii), parties must disclose "a computation of each category of damages claimed," and make available supporting documents or evidentiary material "on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). The purpose is to prevent prejudice and surprise. *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994. In the event a party fails to provide a computation of its claimed damages under Rule 26, "the party is not allowed to use that information ... at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *see also CQ Inc. v. TXU Mining Co. LP,* 565 F.3d 268, 279-80 (5th Cir. 2009)(affirming the district court's exclusion of evidence relating to plaintiff's damages for failure to comply with Rule 26); *Kozak v. Medtronic*, Inc., 512 F. Supp. 2d 913, 917 n.3 (S.D. Tex. 2007).

6.  Rule 37(c)(1) mandates exclusion of undisclosed information unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion is "automatic" absent such a showing. *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279-80 (5th Cir. 2009). In addition, the Court may impose other sanctions, including dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v), (c)(1)(C).

## ARGUMENT

7.  Plaintiffs' Initial Disclosures fail Rule 26(a)(1)(A)(iii) across all claimed categories. They provide no computations, no methodology, and no documents. Exclusion is required. Additionally, Plaintiffs cannot meet their burden to show their failure to comply with Rule 26(a) was substantially justified or harmless. As Plaintiffs are not allowed to present evidence of damages at trial, and as damages are an essential element of Plaintiffs' claims, dismissal of Plaintiffs claims

3

is appropriate. The Court may impose other sanctions, including dismissing the action. *Macro Niche Software, Inc. v. 4 Imaging Solutions, L.L.C*, No. H-12-2293, 2014 WL 12599512 (S.D. Tex. Jan. 15, 2015) (Hittner, J.) (excluding damages and dismissing case based on plaintiff's failure to properly provide a computation of damages pursuant to Rule 26(a)).

## PRAYER

8.　　As Plaintiffs are not allowed to present any evidence of damage computations when damages are an essential element of their claims, Plaintiffs will not be able to prove any of their claims at trial. For these reasons, Defendants request this Court dismiss Plaintiffs claims against Defendants pursuant to Rule 37(c)(1)(C).

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts & Civil Rights Section

Date: August 4, 2025.　　　　　　　By:　　*/s/ Alexander Garcia*
　　　　　　　　　　　　　　　　　　　　Alexander Garcia
　　　　　　　　　　　　　　　　　　　　Assistant City Attorney
　　　　　　　　　　　　　　　　　　　　ATTORNEY IN CHARGE
　　　　　　　　　　　　　　　　　　　　SBN: 24104429
　　　　　　　　　　　　　　　　　　　　FBN: 3852904
　　　　　　　　　　　　　　　　　　　　832.393.6293
　　　　　　　　　　　　　　　　　　　　alexander.garcia@houstontx.gov

　　　　　　　　　　　　　　　　　　　　City of Houston Legal Department
　　　　　　　　　　　　　　　　　　　　900 Bagby, 4th Floor
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　832.393.6259 Facsimile

　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendants***

## CERTIFICATE OF CONFERENCE

I hereby certify that on this 4th Day of August 2025, I reached out to Plaintiffs' counsel requesting his position on this motion. Plaintiffs' counsel informed me they are opposed to the motion.

                                              */s/ Alexander Garcia*
                                              Alexander Garcia

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th Day of August 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, to:

Daryl K. Washington
Washington Law Firm, PC
325 N. St. Paul St., Suite 3950
Dallas, TX 75201

                                              */s/ Alexander Garcia*
                                              Alexander Garcia