IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T., <br>    *Plaintiffs*, <br><br> V. <br><br> CITY OF HOUSTON, TEXAS, K. DREY, *Individually*, and JOHN DOE HPD OFFICERS 1-10, <br>    *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-2900 |

**DEFENDANTS' MOTION IN LIMINE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

  Defendants City of Houston and Officer Kyle Drey (collectively "Defendants") file this Motion in Limine:

I.

  Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, Defendants make this motion in limine. Defendants seek to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. Injection of these matters into the trial of this case through a party, attorney or a witness, will cause irreparable harm to Defendants' case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Defendants would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendants urge this motion in limine.

  Defendants respectfully ask the Court to order and instruct Plaintiffs, all counsel and all witnesses to be called by the parties in this lawsuit to refrain from any mention of, reference to,

interrogation about, or attempt to convey to the panel of prospective jurors or jurors selected to try this case in any manner, either directly or indirectly, any of the following matters without first obtaining the Court's permission outside the presence and hearing of the panel of prospective jurors or jurors selected to try this case:

1. That Defendants violated HPD general orders, rules and regulations. Such evidence is irrelevant because the issue in a §1983 excessive force claim is whether the officer violated clearly established Constitutional rights or federal law, not whether the officer violated department policies. *See Davis v. Scherer*, 468 U.S. 183, 193-194 (1984); *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009). Conduct by an officer that violates some policy is not necessarily constitutionally unreasonable because government agencies are free to hold their employees to higher standards than the Constitution requires. *See Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992). The risk of such external/departmental findings and/or employee discipline for alleged policy violations by a preponderance of the evidence being substituted for a finding of civil rights liability by the jury greatly outweighs any probative value of IAD findings or discipline.

    **AGREED: _____   GRANTED: _____   DENIED: _____**

2. Any suggestion or testimony regarding past or future pain and suffering, emotional pain and suffering, or mental anguish, as Plaintiffs failed to provide any of computations or supporting documents as mandated by Fed. R. Civ. P. 26(a)(1)(A)(iii). This evidence must be excluded under Fed. R. Civ. P. 37(c)(1) to avoid undue prejudice and surprise at trial. *See* Fed. R. Evid. 401, 402, 403; *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279-80 (5th Cir. 2009) (affirming exclusion of damages evidence for failure to disclose computations under Rule 26).

    **AGREED: _____   GRANTED: _____   DENIED: _____**

3. Any statement, comment, testimony, or argument regarding Plaintiffs' claimed pecuniary losses, including lost earnings, funeral expenses, loss of inheritance, or loss of life, as Plaintiffs failed to provide any computations or supporting documents as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Such evidence is inadmissible under Fed. R. Civ. P. 37(c)(1), as the failure to disclose was neither substantially justified nor harmless, and admission would unfairly prejudice Defendants by preventing adequate preparation or cross-examination. *See* Fed. R. Evid. 401, 402, 403; *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279-80 (5th Cir. 2009) (affirming exclusion of damages evidence for failure to disclose computations under Rule 26).

**AGREED: _____     GRANTED:_____     DENIED:_____**

4. Any reference to attorneys' fees or punitive damages, including any computations, billing records, or evidence of malice, as Plaintiffs provided no disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iii). Admission would constitute inadmissible surprise and prejudice Defendants under Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 403

**AGREED: _____     GRANTED:_____     DENIED:_____**

5. Any expert testimony or calculations related to economic damages, as Plaintiffs failed to do so or provide any supporting computations under Fed. R. Civ. P. 26(a)(1)(A)(iii) and (a)(2). Such evidence is irrelevant and prejudicial without proper disclosure.

**AGREED: _____     GRANTED:_____     DENIED:_____**

6. Any documents, records, or testimony (e.g., funeral bills, death certificates, wage statements) purportedly supporting damages claims, as these were not produced or tied to computations during discovery in violation of Fed. R. Civ. P. 26(a)(1)(A)(iii). Exclusion is required.

**AGREED: _____     GRANTED:_____     DENIED:_____**

7. Any statement, comment, testimony or argument regarding IAD investigation findings,

training or discipline Defendants may have received after the event at issue in this litigation or that was recommended to them subsequent to the event. Subsequent remedial measures are not admissible to prove culpable conduct. Fed. R. Civ. Pro. 407; *Wright v. City of Philadelphia*, 685 Fed. Appx. 142, 149 (3rd Cir. 2017). Moreover, the jury must evaluate whether each Defendant is liable based on the facts at the time of the incident in question, not what should have or could have been done. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989); *and see Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (because reasonableness is evaluated at the time the disputed actions were taken, "hindsight testimony" irrelevant); *Tennessee v. Garner*, 471 U.S. 1, 7 (1985) (a jury must decide the conduct of the officer based upon the "totality of the circumstances.").

**AGREED: _____ GRANTED:_____ DENIED:_____**

8. "Other acts" evidence in an officer's personnel file. These are not admissible under Fed. R. Evid. 404(b), as intent is not element of Fourth Amendment excessive force claim. Nor is it admissible for impeachment purposes, without regard to strictures of Fed. R. Evid. 608(b), as officer's likelihood of losing temper and overreacting was not material issue.

**AGREED: _____ GRANTED:_____ DENIED:_____**

9. Any statement, comment, testimony or argument regarding Defendants' discipline history because such is not relevant to any issue to be decided by the jury and is inadmissible character evidence. *See* Fed. R. Evid. 401, 402, 403 and 404. *Williams v. Martin*, 570 F. App'x 361, 364 (5th Cir. 2014) (holding that the court properly excluded the evidence as inadmissible character or prior bad act evidence under Rule 404(a) and (b) of the Federal Rules of Evidence. Character evidence is inadmissible to show that a person acted in accordance with that character on a

particular occasion. *See* Fed. R. Evid. 404(a)(1). In addition, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1)).

**AGREED: _____   GRANTED:_____   DENIED:_____**

10. Any suggestion or testimony that Defendants knew of a propensity or history of alleged wrongdoing or bad character of another without evidence of such specific knowledge or awareness and a finding by the Court that the testimony is relevant to a claim against that Defendant.

**AGREED: _____   GRANTED:_____   DENIED:_____**

11. Any suggestion or testimony that Defendants were involved in the alleged or proven wrongdoing of another without evidence of such specific involvement and knowledge and a finding by the Court that the testimony is relevant to a claim against that particular Defendant.

**AGREED: _____   GRANTED:_____   DENIED:_____**

12. Any reference to claims, causes of actions, and/or factual allegations which have been previously dismissed by any Order of this court or the U.S. Fifth Circuit Court of Appeals. The only purpose of such statements, arguments or reference would be to inflame or prejudice the jury. *See* Fed. R. Evid. 401, 402 and 403.

**AGREED: _____   GRANTED:_____   DENIED:_____**

13. Prior or subsequent incidents involving either of the Defendants without having conducted a hearing, outside the presence of the jury, concerning the relevance and admissibility of any prior or subsequent incidents to the occurrence in question and without the Plaintiffs having laid a proper predicate.

**AGREED: _____   GRANTED:_____   DENIED:_____**

14. Any testimony, comment, argument or veiled inference suggesting that the City of Houston would indemnify Defendants for part of any damages for which they may be held liable in this case. *See* Fed. R. Evid. 411.

        **AGREED: _____   GRANTED:_____   DENIED:_____**

15. Any argument that the jury must act as the "conscience of the community". *See, e.g., Johnson v. Watkins*, 803 F.Supp.2d 561, 581 (S.D. Miss 2011), *aff'd* 472 Fed. App'x 330 (5th Cir. 2012).

        **AGREED: _____   GRANTED:_____   DENIED:_____**

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts & Civil Rights Section

Date: August 4, 2025.   By:   */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
ATTORNEY IN CHARGE
SBN: 24104429
FBN: 3852904
832.393.6293
alexander.garcia@houstontx.gov
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

***Attorneys for Defendants***

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that a copy of the proposed motion in limine was forwarded to counsel for all parties on today's date.