IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOLORES SAMUEL, individually and on | § | |
| behalf of the estate of JULIUS PAYE | § | |
| KEHYEI, DECEDENT, KYLE SAMUEL | § | |
| and MAYA THORN as NEXT FRIEND OF | § | |
| MINOR, S.T., | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:22-cv-2900 |
| | § | |
| V. | § | |
| | § | |
| CITY OF HOUSTON, TEXAS, K. DREY, | § | |
| *Individually*, and JOHN DOE HPD | § | |
| OFFICERS 1-10, | § | |
| Defendants. | § | |

## PLAINTIFFS' PROPOSED JURY CHARGE, <u>DEFINITIONS AND QUESTIONS</u>

Pursuant to the Court's First Amended Scheduling/Docket Control Order dated August 19, 2024 (Dkt. No 60), Plaintiffs Dolores Samuel, individually, and Maya Thorn as Next Friend of S.T., the minor daughter of Julius Paye Kehyei and on behalf of the Estate of Julius Paye Kehyei, ("Kehyei") deceased submits the following proposed Instructions and Jury Questions and request that they be submitted to the jury.

Respectfully submitted,

By:  /s/ Daryl K. Washington
DARYL K. WASHINGTON
Texas Bar No. 24013714
325 N. St. Paul St., Suite 3950
Dallas, Texas  75201
214 880-4883
dwashington@dwashlawfirm.com

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Daryl K. Washington
DARYL K. WASHINGTON

# Jury Instructions

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the defendant in arriving at your verdict.[1]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[1] 5th Cir. Civ. Jury Instructions. 3.1.

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.[2]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[2] 5th Cir. Civ. Jury Instructions. 3.2.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[3]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[3] 5th Cir. Civ. Jury Instructions. 3.3.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[4]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[4] 5th Cir. Civ. Jury Instructions. 3.4.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[5]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[5] 5th Cir. Civ. Jury Instructions. 2.11.

In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.[6]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[6] 5th Cir. Civ. Jury Instructions. 2.12.

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.[7]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[7] 5th Cir. Civ. Jury Instructions. 2.15

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read and shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if they witness had been present and had testified from the witness stand in court.[8]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[8] 5th Cir. Civ. Jury Instructions. 2.13.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[9]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[9] 5th Cir. Civ. Jury Instructions. 3.5.

**Excessive and Deadly Force by Defendant Kyle Drey**

Plaintiffs claim that Defendant Kyle Drey violated Julius Kehyei's constitutional right to be protected from the use of excessive force during an arrest. Specifically, Plaintiffs claim that Defendant Kyle Drey violated this constitutional right when, during negotiations Julius Keyhei, Defendant KyleDrey shot Julius Kehyei one time, killing him.

The Constitution prohibits the use of excessive force while making an arrest, even when the arrest is otherwise proper. To prevail on an excessive force claim, Plaintiffs must prove by a preponderance of evidence:

1.   an injury;

2.   that resulted directly from Defendant Kyle Drey's use of force that was excessive to the need; and

3.   that the excessiveness of the force used by Defendant Kyle Drey was objectively unreasonable.

The use of deadly force to prevent escape is constitutionally unreasonable where the suspect poses no immediate threat to the officer and no threat to others. An officer may never seize an unarmed, nondangerous suspect by shooting him dead. On the other hand, if the officer has probable cause to believe that the suspect has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, provided that—if feasible—some warning has been given.[10]

The reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.[11]

If, you find that Plaintiff has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Kyle Drey violated Julius Kehyei's Fourth Amendment protection from excessive force. If Plaintiffs failed to make

---

[10] Instruction revised for deadly force case, as instructed by Fifth Circuit Pattern Jury Instructions. *See* 5th Cir. PJI 10.1 at 90, n. 33 (2020 ed.) (citing *Tennessee v. Garner,* 471 U.S. 1, 7 (1985)). The revised language comes from *Tennessee,* 471 U.S. at 12.

[11] 5th Cir. PJI 10.1 at 90 & n. 34 (citing, generally, *Graham v. Connor,* 490 U.S. 386, 396 (1989)).

this showing, then the deadly force was not unconstitutional, and your verdict will be for Defendant Kyle Drey on the excessive force claim.[12]


ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[12] 5th Cir. PJI 10.1 at 90-91 (2020 ed.).

**Qualified Immunity**

If you find that Plaintiffs have proven each essential element of their claim of excessive force under 42, U.S.C. § 1983, then you must consider whether Kyle Drey is entitled to what the law calls "qualified immunity". Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiffs' burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the force applied by Kyle Drey to Julius Kehyei was lawful in light of clearly established law and the information Kyle Drey possessed at the time. But Kyle Drey is not entitled to qualified immunity if, at the time he shot Julius Kehyei, a reasonable officer with the same information Kyle Drey had could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter. In this case, the clearly established law at the time was that a police officer could not use deadly force when there is no immediate threat posed to the officer or to others at the time the deadly force was used[13] and that a police officer may not seize an unarmed, nondangerous person by shooting him dead.[14]

If, after considering the scope of discretion and responsibility generally given to police officers in performing their duties, and after considering all the circumstances of this case as they would have reasonably appeared to a reasonable police officer at the time of the actions at issue, you find that Plaintiff proved that no reasonable officer could have believed that the actions taken by Kyle Drey were lawful, then Kyle Drey is not entitled to qualified immunity.[15]

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[13] *Harper v. McAndrews,* 499 F. Supp. 3d 312, 331 (E.D. Tex. 2020), *appeal dism'd,* No. 20-40754, 2023 WL 4763346 (5th Cir. July 26, 2023).

[14] *See Tennessee v. Garner,* 471 U.S. at 11; *see also Lytle v. Bexar County, Tex.,* 560 F.3d 404, 417-18 (5th Cir. 2009).

[15] 5th Cir. PJI 10.3.

**Municipal Liability against the city of Houston, Texas**

Plaintiffs are also suing the city of Houston, TX for its unconstitutional policy of: (1) failing to provide adequate training regarding the use of force. A county is liable for the actions of its employees if the constitutional violation was caused by a city policy or custom.

To prevail on their claim against the City, Plaintiffs must prove by a preponderance of the evidence that:

1.    an official policy or custom existed;

2.    a policymaker for the County knew or should have known about the policy or custom;

3.    the policymaker was deliberately indifferent and

4.    the policy or custom was the moving force leading to the constitutional violation.

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City's officers.  A policy can also be shown by a single incident, where there is proof of the possibility of recurring situations that present an obvious potential for constitutional violations.[16]

A "custom" is a persistent, widespread practice of the Houston Police Department that, although not formally adopted, is so common and well-settled that it fairly represents City's policy. But to show a custom, Plaintiffs must prove that either the City's governing body or some official with policymaking authority knew or should have known about the custom.

For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference.[17]  To show deliberate indifference based on a single incident, it must have been apparent or obvious that a constitutional violation was the highly predictable consequence of a particular policy.[18]

---

[16] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010); *Burge v. St. Tammany Parish*, 336 F.3d 363, 372-73 (5th Cir. 2003).

[17] 5th Cir. PJI 10.5.

[18] 5th Cir. PJI 10.4 (citing *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018).

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

**Wrongful Death Damages**

If Plaintiffs have proved their claims against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are entitled to recover money from Defendants.[19]

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damages that they suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injuries. If Plaintiffs win, they are entitled to compensatory damages for the physical injury, pain and suffering and mental anguish that they have has suffered because of Defendants' wrongful conduct.

As to Plaintiffs, you should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:[20]

1. Pecuniary loss sustained in the past and that, in reasonable probability, will be sustained in the future.

   "Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, that Plaintiffs, in reasonable probability, would have received from Julius Keyhei had he lived.

2. Loss of companionship and society sustained in the past and that, in reasonable probability, will be sustained in the future.

   "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from Julius Keyhei had he lived.

3. Mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future.

---

[19] 5th Cir. Civ. Jury Instructions. § 15.1.

[20] PJC-Negligence 29.5 (Claim of Surviving Parents of Minor Child).

"Mental anguish" means the emotional pain, torment, and suffering experienced by the Plaintiffs because of the death of Julius Keyhei.

In determining damages for loss of companionship and society and mental anguish, you may consider the relationship between the Plaintiffs and the deceased, Julius Keyhei, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. [21]

You may award damages for any bodily injury that Plaintiffs sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiffs experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiffs for the damages they have suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence. [22]

---

[21] 5th Cir. PJI 15.2

[22] 5th Cir. Civ. Jury Instructions. §15.3.

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

**Punitive Damages**

You may, in addition, award punitive damages if you find that Kyle Drey acted with malice or reckless indifference to the rights of others.[23] A person acts with malice when that person purposefully or knowingly violates another's rights or safety. A person acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

Plaintiffs have the burden of proving that punitive damages should be awarded by clear and convincing evidence. "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty, and convincing as to enable you to come to a clear conviction without hesitancy.[24]

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiffs have been made whole by compensatory damages, so punitive damages should be awarded only if Kyle Drey's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you award punitive damages, the following factors should guide you in awarding the proper amount:

1. the reprehensibility of Kyle Drey's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by Julius Keyhei or S.T.; and

3. the possible criminal and civil sanctions for comparable conduct.[25]

---

[23] *See Cowart v. Erwin*, 837 F.3d 444, 455 (5th Cir. 2016) (citing *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994), and *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

[24] 5th Cir. PJI 2.17.

[25] 5th Cir. PJI 15.7.

## Deliberation Instructions

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[26]

---

[26] 5th Cir. PJI 3.7.

## Survival Claim (Estate of Julius Keyhei)

As to Julius Keyhei, you should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:[27]

1.   Physical pain.

     "Physical Pain" means the conscious physical pain experienced by Julius Keyhei before his death as a result of the events of August 26, 2020.

2.   Mental anguish.[28]

     "Mental anguish" means the emotional pain, torment, and suffering experienced by Julius Keyhei before his death as a result of the events of August 26, 2020.

2.   Funeral and burial expenses.

     "Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Julius Keyhei reasonably suitable to his station in life.

---

[27] State Bar of Texas, *Texas Pattern Jury Charges:  General Negligence, Intentional Personal Torts & Workers' Compensation* PJC 30.3 (2020 ed.) ("PJC-Negligence").

[28] *See* PJC-Negligence 30.3, comment regarding separating physical pain and mental anguish. Although grouped together in the PJC, courts recognize them as separate elements of damage and some have allowed them to be submitted separately.  *See Ford Motor Co. v. Durrill,* 714 S.W.2d 329, 343 (Tex. App.—Corpus Christi 1986), *judgmt. vacated by agr.,* 754 S.W.2d 646 (Tex. 1988); *see also Daniels v. Univ. of Texas Health Sci. Ctr. at Tyler,* No. 12-03-00399-CV, 2005 WL 1642969, at *2 (Tex. App.—Tyler July 13, 2005, no pet.) (mem. op.); *Dollison v. Hayes,* 79 S.W.3d 246, 250-51 (Tex. App.—Texarkana 2002, no pet.); *Sw. Bell Tel. Co. v. Alemania*, No. 13-99-021-CV, 2000 WL 35721226, at *2 (Tex. App.—Corpus Christi June 1, 2000, no pet.) (not designated for publication); *Leyendecker v. Harlow,* 189 S.W.2d 706, 711 (Tex. Civ. App.—Galveston 1945, writ ref'd w.o.m.).

**Jury Question 1 (excessive force):**

Do you find that Plaintiffs have proven by a preponderance of the evidence that on August 26, 2020, Defendant Kyle Drey used excessive and unnecessary deadly force, in violation of Julius Keyhei's federal constitutional rights?

Answer "Yes" or "No":  _____

If you answered "yes" to Question 1, answer Question 2.

If you answered "no" to Question 1, please notify the Marshal.

ACCEPTED:  _____

ACCEPTED AS MODIFIED:  _____

REJECTED:  _____

**Jury Question 2 (Qualified Immunity):**

Do you find that Plaintiffs have proven by a preponderance of the evidence that no reasonable officer could have believed that the force used by Kyle Drey on Julius Keyhei was lawful, in light of clearly established law and the information Kyle Drey possessed as the time?

Answer "Yes" or "No": _____

If you answered "yes" to Question 2, proceed to Question 3.

If you answered "no" to Questions 2, please notify the Marshall.

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

**Jury Question 3 (Municipal liability):**

Do you find that Plaintiffs have proven by a preponderance of the evidence, their claim against the city of Houston, Texas for having an unconstitutional policy regarding (1) failing to provide adequate training regarding the use of force?

Answer Yes or No: _____

After you have answered Question 3, answer Question 4.

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

**Jury Question 4 (Survival Claim):**[29]

What sum of money would fairly and reasonably compensate Plaintiffs for Julius Keyhei—

    1.    Pain and mental anguish.

        "Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Julius Keyhei from the time he perceived he was about to be shot until his death as a result of the occurrence in question.

        Answer in dollars and cents for damages, if any.

        Answer: $_____

    2.    Funeral and burial expenses.

        "Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Julius Keyhei reasonably suitable to his station in life.

        Answer in dollars and cents for damages, if any.

        Answer: $_____

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

---

[29] Texas PJC 30.3.

**Jury Question 5 (Wrongful Death Claim):[30]**

What sum of money, if paid now in cash, would fairly and reasonably compensate S.T. for compensatory damages she incurred as a result of the conduct found by you in response to Questions 1 and 3. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Answer in dollars and cents, if any.

1.      Pecuniary loss sustained in the past.

      Answer: _____

2.      Pecuniary loss that, in reasonable probability, will be sustained in the future.

      Answer: _____

3.      Loss of companionship and society sustained in the past.

      Answer: _____

4.      Loss of companionship and society that, in reasonable probability, will be sustained in the future.

      Answer: _____

5.      Mental anguish sustained in the past.

      Answer: _____

6.      Mental anguish that, in reasonable probability, will be sustained in the future.

      Answer: _____

---

[30] PJC-Negligence 29.5 (Claim of Surviving Parents of Minor Child).

**Jury Question 6 (Wrongful Death Claim):[31]**

What sum of money, if paid now in cash, would fairly and reasonably compensate Dolores Samuel for compensatory damages she incurred as a result of the conduct found by you in response to Questions 1 and 3. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Answer in dollars and cents, if any.

1. Pecuniary loss sustained in the past.

   Answer: _____

2. Pecuniary loss that, in reasonable probability, will be sustained in the future.

   Answer: _____

3. Loss of companionship and society sustained in the past.

   Answer: _____

4. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

   Answer: _____

5. Mental anguish sustained in the past.

   Answer: _____

6. Mental anguish that, in reasonable probability, will be sustained in the future.

   Answer: _____

After you have answered these questions, please proceed to Question 7.

---

[31] PJC-Negligence 29.5 (Claim of Surviving Parents of Minor Child).

**Jury Question 7 (Punitive Liability):**

Were the actions of Kyle Drey found by you in answer to Question 1 deliberate, willful, or committed with reckless disregard of Julius Keyhei's constitutional rights?

Answer "Yes" or "No":     _____

If you answered "Yes" to Question 7, proceed to Question 8. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED: _____

## Jury Question 8 (Punitive Damages):

What amount of punitive damages, if any, should be assessed against Kyle Drey for the conduct found by you in answer to Question 1?

Answer in dollars and cents, if any.

Answer: _____

ACCEPTED: _____

ACCEPTED AS MODIFIED: _____

REJECTED:    _____