IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T., | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:22-cv-2900 |
| | § | |
| V. | § | |
| | § | |
| CITY OF HOUSTON, TEXAS, K. DREY, *Individually*, and JOHN DOE HPD OFFICERS 1-10, | § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION IN LIMINE AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's First Amended Scheduling/Docket Control Order dated August 19, 2024 (Dkt. No 60), Plaintiffs Dolores Samuel, individually, and Maya Thorn as Next Friend of S.T., the minor daughter of Julius Paye Kehyei and on behalf of the Estate of Julius Paye Kehyei, ("Kehyei") deceased, and before any proceedings before the venire panel, make and file this their Motion *in Limine* and Brief in Support (the "Motion"), and respectfully move the Court to instruct Defendants and their counsel and witnesses not to mention, allude to, or attempt to convey to the venire panel and/or to the jury in any manner, either directly or indirectly, upon *voir dire* examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the venire panel and/or before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the venire panel and/or the jury, or bring to the venire panel's and/or the jury's attention, any of the matters set forth in the numbered paragraphs below, unless and until such matters have been first called to the attention of the Court, out of the

**PLAINTIFFS' MOTION IN LIMINE- PAGE 1**

presence and hearing of the venire panel and/or the jury, and a favorable ruling obtained from the

Court as to the admissibility and relevance of any such matters:

**1.    Any reference, including any questioning regarding the same, as to the time period or circumstances under which the Plaintiffs hired an attorney.**

Plaintiffs move this Court to bar any evidence, testimony, argument, or innuendo that relates to

the time period in which or circumstances under which Plaintiffs entered into agreement with

their attorneys.  These questions and answers are irrelevant to this litigation and should be barred

from trial.  Fed.R.Evid. 401, 402.  Further, such questions could be used to inflame the jury and

should not be asked in the jury's presence. Fed.R.Evid. 403.

-------------------          ------------------          ------------------
   GRANTED          DENIED          AGREED


**2.    Any reference, including any questioning regarding the same, relating to Plaintiffs' fee agreements and contracts with his attorneys.**

Plaintiffs move this Court to bar any evidence, testimony, argument, or innuendo that relates to

any contingency fee agreement between plaintiff and his counsel and the terms of the agreement

with his attorneys. These questions and answers are irrelevant to this litigation and should be barred

from trial.  Fed.R.Evid. 401, 402. Further, such questions are inflammatory and should not be

asked in the jury's presence. Fed.R.Evid. 403.

-------------------          ------------------          ------------------
   GRANTED          DENIED          AGREED _____

**3.    Any reference, including any questioning regarding the same, relating to the taxation of jury awards; including that any recovery, or part recovery, by the Plaintiffs will not be subject to federal income tax or any other form of taxation.  FED. R. EVID 402 and 403.**

-------------------          ------------------          _-----------------
   GRANTED          DENIED          AGREED _____

**PLAINTIFFS' MOTION IN LIMINE- PAGE 2**

4.      Any reference, including any questioning regarding the same, relating to the effects or results of the Plaintiffs' claim, suit or judgment upon insurance rates, premiums or charges, either generally, or as particularly applied to the Defendants, as a result of this lawsuit or any other lawsuit. FED. R. EVID 402, 403, and 411.


```
-------------------         ------------------         ------------------
     GRANTED                     DENIED                    AGREED
```


5.      Any reference, including any questioning regarding the same, that Defendant will personally have to pay any judgment entered in this case. FED. R. EVID 402, 403, and 411.


```
-------------------         ------------------         ------------------
     GRANTED                     DENIED                    AGREED
```


6.      Challenging Plaintiffs' counsel to explain to the jury why he did not call certain witnesses, or why deposed witnesses were not at trial, or making other references to matters outside the record. Fed.R.Evid. 401, 402, 403.


```
-------------------         ------------------         ------------------
     GRANTED                     DENIED                    AGREED
```


7.      Bar argument that lack of defense rebuttal is unfair.

Plaintiffs move this Court to bar defense counsel from arguing or insinuating that it is unfair that they only have one opportunity to speak to the jury at closing.  Further, bar defense counsel from stating that they could rebut Plaintiffs' rebuttal if they had an opportunity to do so.   This is improper closing argument as it distracts the jury and suggests to jurors that standard trial protocol is unfair to or skewed against the defendants. Fed. R. Evid. 401, 402, 403.


```
-------------------         ------------------         ------------------
     GRANTED                     DENIED                    AGREED _____
```


**PLAINTIFFS' MOTION IN LIMINE- PAGE 3**

**8.    Bar argument that lawsuits like this one increase costs or taxes.**

Plaintiff moves this Court to bar defense counsel from arguing or insinuating that civil suits increase taxes or the cost of living, or that any verdict for Plaintiff would be paid out of the Defendants' assets.  Such argument is irrelevant to the action at hand and will be inadmissible at trial. FED. R. EVID. 401, 402, 403.

------------------          ------------------          ------------------
  GRANTED                   DENIED                   AGREED

**9.    Any reference to the outcome of the grand jury hearing of Defendant Kyle Drey for the death of Julius Keyhei.** FED. R. EVID 402 and 403.

------------------          ------------------          _----------------
  GRANTED                   DENIED                   AGREED
                                                            _____

**10.    Any reference to Julius Keyhei breaking into a vehicle without the proper foundation being laid and evidence introduced from a witness who can properly identify Julius Keyhei.** FED. R. EVID 402 and 403.

------------------          ------------------          _----------------
  GRANTED                   DENIED                   AGREED _____

**11.    Any reference, including any questioning regarding the same, relating to accolades, awards or commendations any Officer witnesses received.**

Plaintiffs move this Court to bar any evidence, testimony, argument, or innuendo regarding accolades, awards or commendations that any Officer witnesses received during the course of their employment. Plaintiffs also ask for the exclusion of evidence of positive employment records  for such witnesses.   Such evidence is irrelevant, unfairly prejudicial, and improper character evidence. Fed.R.Evid. 402, 403, 404(b).

------------------          ------------------          _----------------
  GRANTED                   DENIED                   AGREE
                                                            _____

**PLAINTIFFS' MOTION IN LIMINE- PAGE 4**

**12.    Any reference, including any questioning regarding the same, that Police Officers' jobs are especially difficult.**

Plaintiffs move this Court to bar any argument that Police Officers' jobs are especially difficult. This "put-yourself-in-our-shoes" argument is calculated to inflame the passions of the jury. Such arguments are "universally recognized as improper because [they] encourage the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989); Fed.R.Evid. 402, 403.

------------------           ------------------           ----------------
GRANTED              DENIED              AGREED

**13.    Any reference, including any questioning regarding the same, as to why any witness decided to become a law enforcement officer.**

Plaintiffs move this Court to bar any testimony concerning the reasons why any witness decided to become a police officer. Their reasons for wanting to be police officers are irrelevant to the contested issues in this case. *See* Fed. R. Evid. 401, 402, 403.

------------------           ------------------           ----------------
GRANTED              DENIED              AGREED

**14.    Any reference, including any question regarding the same, relating to previously undisclosed City of Houston Records for any purpose. Fed.R.Civ.P 37 (c).**

------------------           ------------------           ------------------
GRANTED              DENIED              AGREED

**15.    Any reference relating to any prior lawsuits, arrests, if any, probation, or other bad acts of Julius Keyhei, Plaintiffs or Plaintiffs' witnesses. FED. R. EVID 402, 404, 608 and 609.**

Plaintiffs move to bar any reference, including any questioning regarding the same, relating to any prior lawsuits, arrests or convictions, if any, probation, or other bad acts of Plaintiffs or Plaintiffs'

**PLAINTIFFS' MOTION IN LIMINE- PAGE 5**

witnesses.   Fed.R.Evid. 402, 404, 608, 609.   Indeed, even if there were bad acts they are not

relevant. Furthermore, even if there were a scintilla of probative value in such evidence, that value

is substantially outweighed by the danger of unfair prejudice.  Fed.R.Evid. 403.

------------------         ------------------         -----------------
        GRANTED                DENIED                 AGREED

**16.     Any reference relating to Julius Keyhei being homeless. FED. R. EVID 402, 403.**

Plaintiffs move to bar any reference, including any questioning regarding the same, relating to any

prior lawsuits, arrests or convictions, if any, probation, or other bad acts of Plaintiffs or Plaintiffs'

witnesses.  Fed.R.Evid. 402, 404,

**17.     Any reference, including any question regarding the same, relating to privileged
         information. FED. R. EVID 402, 403, and 511.**

Plaintiffs move this Court to bar any questions related to attorney/client privileged information.

It is well established that communication between a client and her attorney are privileged. *Upjohn*

*Co. v. United States*, 449 U.S. 383, 389 (1981) ("The attorney-client privilege is the oldest of

the privileges for confidential communications known to the common law.")

------------------         ------------------         -----------------
        GRANTED                DENIED                 AGREE

**18.     Any testimony from witnesses "restating" opinions of other experts retained in this
         case, as such restatements would be improper bolstering and unduly prejudicial.**

In addition to improper bolstering and prejudice, the law is clear that experts may not simply repeat

or adopt the findings of other experts without investigating them. *In re Polypropylene Carpet*

*Antitrust Litig.*, 93 F.Supp.2d 1348 (N.D.Ga.2000) (citing *In re TMI Litig.*, 193 F.3d 613, 715–16

(3d Cir.1999) (finding blind reliance by expert on other expert opinions demonstrates flawed

**PLAINTIFFS' MOTION IN LIMINE- PAGE 6**

methodology under Daubert ); *TK–7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732–33 (10th Cir.1993) (excluding expert opinion relying on another expert's report because witness failed to demonstrate a basis for concluding report was reliable and showed no familiarity with methods and reasons underlying the hearsay report)). *See also* FED. R. EVID. 401, 402, 403, 601, 702, 802.

------------------     ------------------     ----------------
GRANTED       DENIED       AGREED

19.    **That this Motion has been filed or disclosing any ruling by the Court in response to this Motion, suggesting or inferring that Plaintiff has moved to prohibit proof or that the Court has excluded proof on any particular matters**.

------------------     ------------------     ------------------
GRANTED       DENIED       AGREED

20.    **Placing before the jury in any form or fashion any out-of-court statement or report of a person not present in court to testify and be cross-examined by counsel for Plaintiffs (except in the case of depositions taken in the case and otherwise admissible documents), as this information is inadmissible.**
     *See* FED. R. EVID. 401, 402, 403, 801, 802.

------------------     ------------------     ----------------
GRANTED       DENIED       AGREED   _____

21.    **Any expert opinion testimony on any claim, defense, or other issue in this litigation, or reference thereto, offered on behalf of the Defendants by any witness who was not designated timely as experts and who have not provided expert reports pursuant to the deadlines set forth in the Scheduling Order entered in this case.**

------------------     ------------------     ------------------
GRANTED       DENIED       AGREED

22.    **Any other expert opinion testimony, or reference thereto, offered on behalf of Defendants by witnesses not designated timely as experts and who have not provided expert reports pursuant to the deadlines set forth in the Scheduling Order entered into this case.**

------------------     ------------------     ------------------
GRANTED       DENIED       AGREED

**PLAINTIFFS' MOTION IN LIMINE- PAGE 7**

23. Any reference to any witness sponsored by Defendants as an "expert," or any other similar term, without an express ruling by the Court that the witness is qualified as an expert to testify to opinions concerning the specific subject areas of the witness' testimony.

*See* FED.R.EVID. 702, 703.

------------------  ------------------  -----------------
GRANTED           DENIED             AGREED _____

24. Disputes in this case concerning discovery matters including, but not limited to, motions to compel, motions for protective order, disputes arising during depositions, or any other matter relating to pre-trial discovery disputes, as this information is inadmissible.

*See* FED. R. EVID. 401, 402, 403.

------------------  ------------------  ------------------
GRANTED           DENIED             AGREED

25. Any and all references to objections made by Plaintiffs in answers to written discovery requests, hearings and depositions, as well as objections made by Plaintiffs in any other discovery proceeding, as well as reference to any refusal of Plaintiffs to answer questions or produce documents that were objected to, as this information is inadmissible.

*See* FED. R. EVID. 401, 402, 403.

------------------  ------------------  ------------------
GRANTED           DENIED             AGREED

26. Any expert opinion testimony on any claim, defense, or other issue in this litigation, or reference thereto, that has been previously dismissed (i.e., failure to train) as such will not be helpful to the jury and would cause confusion.
*See* FED. R. EVID. 401, 402, 403.

------------------  ------------------  ------------------
GRANTED           DENIED             AGREED

27. Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions all counsel believe to be applicable.

------------------  ------------------  -----------------
GRANTED           DENIED             AGREED _____

**PLAINTIFFS' MOTION IN LIMINE- PAGE 8**

28.    Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions, all counsel believe it to be applicable.

------------------            ------------------            -----------------
GRANTED            DENIED            AGREED _____

29.    Any reference, including any questioning whether Julius Keyhei fired shots at a civilian vehicle and at pursuing officers, striking a marked police unit until the proper foundation has been laid and evidence admitted by the driver of the civilian vehicle.

   *See* FED. R. EVID. 401, 402, 403.

-------------------            ------------------            ------------------
GRANTED            DENIED            AGREED

30.    Any expert or lay opinion testimony on inadmissible legal conclusions regarding the reasonableness of the officers' uses of force and matters of qualified immunity.

These opinions are inadmissible legal conclusions. *McBroom v. Payne*, 4 78 F. App'x 196, 200 (5th Cir. 2012) ("But that does not permit experts to offer legal conclusions ... and whether an officer's use of his firearm was unreasonable for purposes of the Fourth Amendment is a legal conclusion."); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) ("Reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion," not appropriate for expert testimony.); *Mayfield v. Brewer*, No. 2:13-CV-73-KS-MTP, 2014 WL 5467011, at *2 (S.D. Miss.Oct. 28, 2014) ("Therefore, Dr. Hynes' opinion that Sergeant Brewer's use of force was excessive will be excluded from the jury at trial.").

   WHEREFORE, Plaintiffs request the Court enter an order *in limine* as follows:

   A.    That Defendants' counsels be instructed not to mention or bring before the jury either directly or indirectly upon *voir dire* and examination, opening statement, interrogation of

**PLAINTIFFS' MOTION IN LIMINE- PAGE 9**

witnesses, in argument, objections before jury, or by any other means or in any other manner, inform the jury or bring to the jury's attention, any of the matters set forth above unless and until any such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received from the Court as to the admissibility and relevance of any such matters;

B.     That Defendants' counsels be specifically instructed to inform, and counsel with, all of their witnesses and clients not to volunteer, interject, disclose, state, mention in the presence of the jury or in any other way refer to any of the matters stated in the above paragraphs, unless and until specifically questioned thereon after prior favorable ruling by the Court; and

C.     That Defendants' counsels be instructed that a violation of any of the Court's instructions, if any, in connection with this Motion would be likely to constitute undue harm to Plaintiffs' case and deprive Plaintiffs of a fair and impartial jury trial, and that such violation and failure to abide by the Court's order may bring about a mistrial and/or result in sanctions.

SIGNED on the _____ day of _____, 2025.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFFS' MOTION IN LIMINE- PAGE 10**

Respectfully submitted,

By: _/s/ Daryl K. Washington_____
DARYL K. WASHINGTON
State Bar No. 24013714
**WASHINGTON LAW FIRM, P.C.**
325 N. St. Paul, Suite 3950
Dallas, Texas 75201
(214) 880-4883 – Telephone
(214) 751-6685 – Facsimile
Email: dwashington@dwashlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2025, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this Notice as service of documents by electronic means.

_/s/ Daryl K. Washington_____
DARYL K. WASHINGTON

**<u>PLAINTIFFS' MOTION IN LIMINE- PAGE 11</u>**