IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T.,**<br>　　*Plaintiffs*,<br><br>V.<br><br>**CITY OF HOUSTON, TEXAS, K. DREY,** *Individually*, **and JOHN DOE HPD OFFICERS 1-10,**<br>　　*Defendants*. | §§§§§§§§§§§§§ | CIVIL ACTION NO. 4:22-cv-2900 |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' UNDISCLOSED WITNESSES AND UNDISCLOSED TOPICS

Defendants City of Houston and Officer Kyle Drey ("Defendants") file these Objections to Plaintiffs' Witness Exhibit List (Doc. 86-1). Defendants request that the Court exclude the listed witness as set forth below and limit undisclosed topics:

### ARGUMENT

1. Plaintiffs' initial disclosures listed various witnesses but omitted Julian Gravesande, Todd Phillips, C Haynes, Luis Ramirez, Marty Northern, Pastor Ashley Dellagiacoma, and Art Acevedo entirely, providing no name, address, phone, or summary of expected testimony. No supplements were served under FRCP 26(e)

2. On August 4, 2025, one week before trial, and after submission of the parties Pre-Trial motion, Plaintiffs first provided a witness list adding these undisclosed witnesses and expanding scopes of testimony for disclosed witnesses. This late disclosure violates FRCP 26 and prejudices Defendants.

3. FRCP 26(a)(1)(A)(i) mandates early disclosure of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Disclosures must be supplemented if incomplete (FRCP 26(e)). Plaintiffs failed to disclose new witnesses and topics.

4. Undisclosed witnesses must be excluded unless the failure was "substantially justified" or "harmless." FRCP 37(c)(1). Plaintiffs offer no excuse for omitting these individuals from disclosures, delaying the list, or providing additional topics. Discovery closed months ago, and no good cause is shown. Additionally, Plaintiffs' have now attempted to expand the scope of disclosed responding officers, to include "the policies and procedures regarding the use of excessive force…training provided by the Houston Police department, and the actions of the Houston Police Department." This undisclosed expansion requires exclusion pursuant to FRCP 37(c)(1). Plaintiff never included this expansion for these witnesses. Plaintiffs did however include these subjects for former Mayor Sylvester Turner and former Chief of Police, Troy Finner, who Plaintiffs did not list as Trial witnesses.

## PRAYER

Defendants request the Court exclude Julian Gravesande, Todd Phillips, C Haynes, Luis Ramirez, Marty Northern, Pastor Ashley Dellagiacoma, and Art Acevedo entirely as these witnesses were never disclosed in Plaintiffs' initial disclosures and exclude testimony on undisclosed topics for disclosed witnesses.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts & Civil Rights Section

| | | |
|---|---|---|
| Date: August 6, 2025. | By: | */s/ Alexander Garcia*<br>Alexander Garcia<br>Assistant City Attorney<br>ATTORNEY IN CHARGE<br>SBN: 24104429<br>FBN: 3852904<br>832.393.6293<br>alexander.garcia@houstontx.gov<br>City of Houston Legal Department<br>900 Bagby, 4th Floor<br>Houston, Texas 77002<br>832.393.6259 Facsimile |

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, to:

Daryl K. Washington
Washington Law Firm, PC
325 N. St. Paul St., Suite 3950
Dallas, TX 75201

*/s/ Alexander Garcia*
Alexander Garcia