

# CITY OF HOUSTON

Legal Department

**John Whitmire**

Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

May 18, 2026

The Honorable Keith P. Ellison
United States District Judge
Southern District of Texas, Houston Division
515 Rusk Street
Houston, Texas 77002

**Re:** *Dolores Samuel, et al. v. City of Houston, et al.*; **Civil Action No. 4:22-cv-02900; In the United States District Court for the Southern District of Texas – Houston Division.**

Dear Judge Ellison:

The City of Houston respectfully submits this letter in advance of the hearing scheduled for May 19, 2026, regarding Plaintiffs' Counsel's request that the City reissue a settlement check to a structured settlement.

On August 19, 2025, the City of Houston emailed a Release and Indemnity Agreement fully resolving all claims in this lawsuit, a copy of which is attached as Exhibit A. The Agreement provided for two settlement payments: $50,000.00 payable to Dolores Samuel, individually and on behalf of the estate of Julius Paye Kehyei, and $50,000.00 payable to Maya Thorn as next friend of minor S.T. Following execution of the Agreement, the City requested that Plaintiffs' counsel provide signed original releases and W-9 forms for the firm and the plaintiffs before any funds would be issued. The City further advised counsel that it would issue one check payable to The Washington Law Firm P.C. and Dolores Samuel, and one check payable to The Washington Law Firm P.C. and Maya Thorn, ***unless counsel specified otherwise***. Plaintiffs' counsel did not object to or modify those payment instructions and the City issued both checks once the fully executed release was received from Plaintiffs' counsel.

The City has fully performed all of its obligations under the Settlement Agreement. The Agreement is silent as to any structured settlement arrangement, and Plaintiffs' counsel never raised this issue during settlement negotiations, at the time of execution, or at any point prior to the City issuing payment. The City is unaware of any legal obligation requiring it to take further action, void valid checks, and reissue payment to a third party not identified in the Agreement. The City should not

Council Members:  Amy Peck   Tarsha Jackson   Abbie Kamin   Carolyn Evans-Shabazz   Fred Flickinger   Tiffany D. Thomas  Mary Nan Huffman  Mario Castillo
Joaquin Martinez   Edward Pollard   Martha Castex-Tatum   Julian Ramirez   Willie Davis   Twila Carter   Alejandra Salinas   Sallie Alcorn
Controller:  Chris Hollins

be required to take any additional steps, or to bear any burden or delay, as a result of counsel's failure to raise these issues at the appropriate time.

For the foregoing reasons, the City of Houston respectfully requests that the Court decline to compel the City to void and reissue the settlement check. The City has fully fulfilled its obligations under the Settlement Agreement. Any issues regarding the disposition of the minor's settlement funds are properly addressed by Plaintiffs' counsel, not by requiring further action from the City.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights Section

By:  /s/ *Alexander Garcia*
Alexander Garcia
Assistant City Attorney
State Bar No.:  24104429
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 3rd Floor
Houston, Texas 77002
Telephone (832) 393-6293
Facsimile (832) 393-6259
E-mail alexander.garcia@houstontx.gov

cc:    Daryl K. Washington, The Washington Law Firm P.C.