**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T.,** | § | |
| ***Plaintiffs*****,** | § | **CIVIL ACTION NO. 4:22-cv-2900** |
| **V.** | § | |
| **CITY OF HOUSTON, TEXAS, K. DREY, *Individually*, and JOHN DOE HPD OFFICERS 1-10,** | § | |
| ***Defendants*****.** | § | |

**DEFENDANT CITY OF HOUSTON'S MOTION TO STAY PENDING RULING ON MOTION TO VACATE**

TO THE HONORABLE JUDGE OF SAID COURT:

The City of Houston (the "City") respectfully files this Motion for Stay of the Court's Order entered June 17, 2026 (Doc. 108) (the "Order"), pending resolution of the City's contemporaneously filed Motion to Vacate, or in the Alternative, Motion to Alter or Amend Pursuant to Rule 59(e). In support, the City would respectfully show the Court as follows:

**INTRODUCTION**

The Order requires the City to accept return of settlement funds from Plaintiffs and re-issue a check directly to a third-party annuity within twenty (20) days of the Order's entry. As set forth more fully in the City's contemporaneously filed Motion to Vacate, the City contends the Order was entered without subject-matter jurisdiction, because this action was dismissed with prejudice and administratively closed on October 13, 2025, more than seven months before Plaintiffs first raised the issue underlying the Order.

## BACKGROUND

On August 14, 2025, the Court entered a Conditional Order of Dismissal dismissing all claims without prejudice, with automatic conversion to dismissal with prejudice sixty (60) days later unless a party moved for reinstatement or an extension. (Doc. 103). No party moved, and the order was converted to dismissal with prejudice on October 13, 2025. The Clerk administratively closed the case. The Order of Dismissal contains no language retaining jurisdiction to enforce the parties' settlement agreement and does not incorporate the settlement agreement's terms.

On May 19, 2026, Plaintiffs' counsel filed correspondence with the Court requesting that the City re-issue settlement funds, already paid in January 2026, directly to a structured settlement annuity. Following a hearing, the Court signed an order drafted by Plaintiffs' counsel, directing Plaintiffs to return the settlement proceeds payable to the minor Plaintiff to the City, and directing the City to then re-issue a new check directly to the annuity within twenty (20) days. (Doc. 108).

For the reasons set forth in the City's Motion to Vacate, filed contemporaneously with this motion, the City contends the Order is void for lack of subject-matter jurisdiction under Supreme Court precedent as the case had been dismissed with prejudice and the Order of Dismissal neither retained jurisdiction nor incorporated the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

## ARGUEMENT AND AUTHORITIES

Federal Rule of Civil Procedure 62(a) provides that execution on a judgment and proceedings to enforce it are automatically stayed for thirty (30) days after entry, "unless the court orders otherwise." Fed. R. Civ. P. 62(a). This thirty-day automatic stay exists to ensure that a judgment cannot be enforced while a timely post-judgment motion under Rule 59 remains pending. Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment.

Independent of Rule 62, courts apply a four-factor test in evaluating requests to stay enforcement of a judgment or order: (1) the likelihood of success on the merits; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether the stay will substantially injure other parties; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Each factor favors a stay here. Moreover, the likelihood of success as detailed in the Motion to Vacate is not a close question.

## CONCLUSION

The City respectfully requests that the Court grant this motion to stay on an expedited basis.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By: *_/s/ Alexander Garcia_*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia