**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T.,** *Plaintiffs*, | § | **CIVIL ACTION NO. 4:22-cv-2900** |
| **V.** | § | |
| **CITY OF HOUSTON, TEXAS, K. DREY,** ***Individually*, and JOHN DOE HPD OFFICERS 1-10,** ***Defendants*.** | § | |

**DEFENDANT CITY OF HOUSTON'S MOTION TO VACATE ORDER FOR LACK OF SUBJECT-MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND PURSUANT TO RULE 59(e)**

TO THE HONORABLE JUDGE OF SAID COURT:

The City of Houston (the "City") respectfully moves the Court to vacate its Order entered June 17, 2026 (Doc. 108) (the "Order") because the Court lacked subject-matter jurisdiction to enter it. In the alternative, to the extent the Order is treated as a judgment subject to Federal Rule of Civil Procedure 59(e), the City moves to alter or amend the Order. In support, the City would respectfully show the Court as follows:

**PROCEDURAL BACKGROUND**

On August 14, 2025, the Court entered a Conditional Order of Dismissal. The Conditional Order of Dismissal provided that the case was dismissed without prejudice and that it would convert to DISMISSED WITH PREJUDICE sixty (60) days later unless a party moved for reinstatement or an extension before that date. (Doc. 103). The Conditional Order of Dismissal does not retain jurisdiction to enforce any settlement agreement between the parties, nor does it

incorporate the terms of any settlement agreement into the Court's order. No party moved for reinstatement or an extension within the sixty-day period. Accordingly, by the express terms of the Conditional Order of Dismissal, this action converted to a dismissal with prejudice on October 13, 2025, and the case was administratively closed.

On May 19, 2026, Plaintiffs' counsel filed correspondence with the Court requesting that the City re-issue the previously paid settlement funds. The Court held a status conference for the parties. On June 15, 2026, the Court signed an order drafted by Plaintiffs' counsel directing Plaintiffs to return the settlement proceeds payable to the minor Plaintiff to the City and directing the City to re-issue a new check directly to an annuity within twenty (20) days of entry (Doc 108).

**ARGUMENT AND AUTHORITIES**

**A. The Order Is Void as the Court Lacked Subject-Matter Jurisdiction to Enter It.**

Subject-matter jurisdiction is a threshold matter that a federal court must resolve before reaching the merits of any dispute, and it can never be waived or conferred by the parties' conduct or consent. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

It is well settled that a federal court does not retain ancillary jurisdiction to enforce a settlement agreement merely because the underlying suit was litigated and dismissed in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). Enforcement of a settlement agreement requires either an independent basis for federal jurisdiction in a new action, or a dismissal order that expressly retains jurisdiction to enforce the settlement or incorporates the settlement's terms such that a breach of the agreement is a violation of the order itself. *Id.* at 381. Absent an expressed retention of jurisdiction or incorporation of the settlement's terms into the dismissal order, a district court lacks ancillary jurisdiction to enforce the settlement following dismissal. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 432 (5th Cir. 2002)

The Order of Dismissal did neither (Doc. 103). It contains no language retaining

jurisdiction to enforce the settlement agreement, and it does not incorporate the settlement agreement's terms. Moreover, by the Order's own terms, this action converted automatically to a dismissal with prejudice on October 13, 2025, when no party moved for reinstatement or an extension within the sixty-day window. The case was closed at that point and has remained closed since. The dispute Plaintiffs' counsel raised regarding how the City should disburse settlement funds already paid under a private settlement agreement does not arise under federal law, and no independent basis for federal jurisdiction over that dispute exists.

As the Court lacked subject-matter jurisdiction to enter the Order, the Order is void. Fed. R. Civ. P. 60(b)(4). The City respectfully requests that the Court vacate the Order.

**B. Alternatively, the Order Should Be Altered or Amended Under Rule 59(e).**

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment within twenty-eight (28) days of its entry. This Motion is filed within twenty-eight days and is therefore timely. Rule 59(e) relief is appropriate to correct a manifest error of law. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The entry of an order without subject-matter jurisdiction is a manifest error of law warranting correction under Rule 59(e), independent of the void-judgment analysis above.

**C. The Order Exceeds Any Obligation Created by the Settlement Agreement**

The settlement agreement between the parties specifies the payees of the settlement funds. The City performed fully and exactly in accordance with those terms and the payment instructions Plaintiffs' counsel confirmed without objection. The agreement contains no provision requiring or contemplating a structured settlement, an annuity, or any payment to a third party.

The disbursement of City funds is subject to the independent authority of the City Controller, whose countersignature the settlement agreement itself identifies as a condition of the agreement's effectiveness. An order compelling the City to accept the return of disbursed funds

and to re-issue payment to a non-party annuity company imposes a new financial transaction never agreed to by the City and never authorized through the City's governing financial procedures. No provision of law requires the City to disburse funds to a non-party it has no contractual or legal obligation to pay, based solely on Plaintiffs' post-payment preference.

## CONCLUSION

For the foregoing reasons, The City of Houston respectfully requests that the Court vacate the June 17, 2026 Order (Doc. 108) for lack of subject-matter jurisdiction. In the alternative, the City requests that the Court alter or amend the Order pursuant to Rule 59(e) to deny Plaintiffs' request that the City be compelled to accept return of and re-issue the settlement funds.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By: */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia