IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, et al. | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:22-cv-2900 JURY TRIAL DEMANDED |
| v. | § | |
| CITY OF HOUSTON, TEXAS, et al. | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO VACATE ORDER FOR LACK OF SUBJECT-MATTER JURISDICTION, OR IN THE ALTERNATIVE TO ALTER OR AMEND PURSUANT TO RULE 59(e)**

COME NOW, Delores Samuel and Maya Thorn, as next friend of S.T., and on behalf of the estate of Julius Paye Kehyei ("Kehyei"), decedent, and provide a brief response to Defendants' Motion to Vacate the Court's order entered on June 17, 2026 as follows:

1. On September 28, 2025, the Plaintiffs provided the Defendants with a fully executed copy of the settlement agreement after finally receiving a word version of the settlement agreement.[1]

2. On December 5, 2025, after signing the agreement in September, counsel for Plaintiffs requested a status of the payment. [2]

[1] See Doc. 106-1.
[2] See Doc. 106-2.

3. On the same day, counsel for Defendant sent Alexander Garcia another email inquiring about the status of the settlement payment.[3]

4. On December 17, 2025, counsel for Plaintiff sent another email to Alexander Garcia requesting an update on the status of the settlement payment.[4]

5. On January 8, 2026, Plaintiffs' counsel once again sent an email to Alexander Garcia requesting an update on the status of the settlement payment.[5] Plaintiffs did not receive the settlement payment for another month.

6. After multiple discussions with the guardian of the minor Plaintiff, it was determined that it would be in the best interest of the child to structure the settlement payment so that the funds would be protected until the minor reaches the age of majority. The funds would be invested in a college plan and would have provided the minor Plaintiff with money to attend college after she graduated from high school. This would simply require the City to re-issue payment directly to the chosen plan. The Defendants would not be harmed or prejudiced in any manner by simply re-issuing the check directly to the chosen plan on behalf of the minor Plaintiff.

7. After a telephonic hearing was held with this Court regarding the City re-issuing a check so that a new check could be invested in a tax-free structure on behalf of the minor Plaintiff, the Court signed an Order on June 17, 2026 requiring the Defendants to re-issue a check. Shortly thereafter, the Defendants filed the subject Motion asking the Court to vacate its order.

---

[3] See Doc. 106-3.
[4] See Doc. 106-4.
[5] See Doc. 106-5.

9. The Plaintiffs are not asking the Court to enforce the settlement agreement but instead are simply asking for the Defendants to re-issue the settlement check so that it can be paid directly to a tax-free structure account on behalf of the minor Plaintiff. The resources that the city is wasting to prevent the settlement funds from being re-issued so that it can be placed in a tax-free account to benefit a minor child is unbelievable. One would not believe that counsel for the Defendants would exhibit no compassion for a minor child and would refuse to extend professional courtesy which would be in conformity with the Texas Lawyer's Creed.

10. One would think that since the Defendants failed to follow this Court's Procedures regarding settlement of a suit involving a minor Plaintiff, which requires that the Parties' move for the appointment of a guardian, there would not be opposition to what is clearly in the best interest of the child. The Defendants have refused to follow the Rules of this Court and now are seeking to have this Court vacate its June 17, 2026 Order, which is clearly in the best interest of the minor child.

11. If the Court is inclined to vacate the Order, the Plaintiffs respectfully request that the Court enters an Order that would allow the settlement funds to be deposited into the registry of the Court and be held until the minor Plaintiff reaches the age of majority.

Respectfully Submitted,

By: */s/* Daryl K. Washington
**Daryl K. Washington**
TX Bar No. 24013714
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214-880-4883 (P)
214-751-6685 (F)
dwashington@dwashlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Daryl K. Washington
DARYL K. WASHINGTON