**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **DOLORES SAMUEL, individually and on behalf of the estate of JULIUS PAYE KEHYEI, DECEDENT, KYLE SAMUEL and MAYA THORN as NEXT FRIEND OF MINOR, S.T.,** *Plaintiffs*, | § | **CIVIL ACTION NO. 4:22-cv-2900** |
| **V.** | § | |
| **CITY OF HOUSTON, TEXAS, K. DREY,** ***Individually*, and JOHN DOE HPD OFFICERS 1-10,** ***Defendants*.** | § | |

**DEFENDANT CITY OF HOUSTON'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER OR IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND PURSUANT TO RULE 59(e)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs' Response (Doc. 112) does not address the City's jurisdictional argument, does not cite a single case or statute in opposition, and does not identify any legal basis on which the Court may compel the City to take the actions ordered.

**PLAINTIFFS OFFER NO RESPONSE TO LACK OF JURISDICTION**

This case was dismissed on August 14, 2025, with prejudice by operation of the Court's Conditional Order (Doc. 103) well before Plaintiffs' counsel ever raised the structured settlement issue. The Conditional Order of Dismissal contains no language retaining jurisdiction to enforce the settlement agreement and does not incorporate its terms. Consequently, the Court lacks subject-matter jurisdiction to enter any post-dismissal order requiring affirmative action by the City. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994); *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 432 (5th Cir. 2002). Plaintiffs' Response does not engage with this

argument. It contains no citation to any authority addressing ancillary jurisdiction to enforce settlement agreements after dismissal. It does not argue that the Court retained jurisdiction. And it offers no legal theory for the Court's authority to enter any further order directing the City to act.

**PLAINTIFFS DO NOT NEED THE CITY'S INVOLVEMENT TO PLACE FUNDS IN A STRUCTERED SETTLEMENT.**

Plaintiffs' Response is premised on the assumption that the City's participation is required to place the minor Plaintiff's funds in a structured settlement or tax-free account. That assumption is wrong. Plaintiffs' counsel has confirmed that the settlement funds are currently held in his IOLTA trust account. Nothing in the settlement agreement, in any court rule, or in any applicable statute prevents counsel from disbursing those funds directly into a structured settlement annuity or college savings plan on the minor's behalf. The City is not a necessary party to that transaction. The only obstacle standing between the minor Plaintiff and a structured settlement is Plaintiffs' counsel's decision not to take that step without the City's involvement. That is not a basis for a court order compelling the City to act.

**PLAINTIFFS' COUNSEL HAD THE OPPORTUNITY TO ADDRESS THIS ISSUE BEFORE THE AGREEMENT WAS SIGNED**

Per Plaintiffs' Counsel's request, he received the settlement agreement in Word format. At no point did he propose any modification of the agreement to provide for a structured settlement or any other arrangement for the minor Plaintiff's funds. The City communicated its payment instructions to counsel in writing before the checks were issued and invited him to specify otherwise. He did not. He executed the release and returned it to the City.

Plaintiffs' Counsel accepted the checks and put them into his trust account. He cannot now ask this Court to impose through a court order what he chose not to raise at the bargaining table. He had every opportunity to negotiate structured settlement terms before execution, but he did not.

His failure to address the issue at the appropriate time is not a burden the City should be made to carry.

**RELABELING THE REQUEST AS "REISSUANCE" DOES NOT CURE THE JURISDICTIONAL DEFECT**

Plaintiffs argue that they are not asking the Court to enforce the settlement agreement, but merely to require a check to be reissued. (Doc.112) The label does not change the analysis. The City's obligation to pay arose solely from the settlement agreement. The City performed that obligation. What Plaintiffs seek now is a court order requiring the City to accept the return of funds already disbursed and reissue payment to a third-party annuity company that was never identified in the agreement, on terms the parties never negotiated. Whatever it is called, it is a court order requiring action by the City predicated entirely on the settlement, entered after the case was dismissed with prejudice and closed. The Supreme Court case of *Kokkonen* forecloses it regardless of the label attached. The settlement agreement between the parties specifies the payees of the settlement funds. The City performed fully in accordance with those terms and the payment instructions Plaintiffs' counsel confirmed without objection. The agreement contains no provision requiring or contemplating a structured settlement, an annuity, or any payment to a third party.

**PLAINTIFFS' ALTERNATIVE REQUEST FOR A REGISTRY DEPOSIT ALSO LACKS A JURISDICTIONAL BASIS**

Plaintiffs request that if the Court vacates the June 17 Order, it direct that the settlement funds be deposited into the Court's registry. This request fails for the same reason. Jurisdiction cannot be bootstrapped by requesting a different form of relief. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). More practically, the funds are not in the City's possession. They are in Plaintiffs' counsel's account. Any order regarding their disposition should be directed at Plaintiffs' counsel, not the City.

## CONCLUSION

For the foregoing reasons, The City of Houston respectfully requests that the Court vacate the June 17, 2026 Order (Doc. 108) for lack of subject-matter jurisdiction. In the alternative, the City requests that the Court alter or amend the Order pursuant to Rule 59(e) to deny Plaintiffs' request that the City be compelled to accept return of and re-issue the settlement funds.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By: */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia